[No. 35164. Department Two. September 3, 1959.]

SHERMAN MINING COMPANY, *Plaintiff and Relator*, v. VICTOR L. SMITH *et al., Defendants*, THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Joseph Wicks, Judge, Respondent.*[1]

[1]Reported in 343 P. (2d) 735.

608

*, Wellman Clark,* for relator.

*Kelly Hancock,* for respondent.

PER CURIAM.—This is a review by certiorari of the refusal of the superior court of Okanogan county to enter an "order of necessity for a private way," as requested by the relator, Sherman Mining Company, a corporation; and the dismissal of the relator's condemnation action.

The relator owns in fee a mining claim, hereafter called tract A; and has the right to explore for, mine, and remove minerals under and upon a tract, hereafter called tract B, which is separated from tract A by a strip of land alleged to be approximately seventy-five feet in width (owned by the defendants), hereafter called tract C.

There is no question but that both tracts A and B have adequate facilities for ingress and egress and for connection between the two tracts by virtue of existing roads on the surface.

The relator has sunk an inclined shaft on tract A, which is one hundred ninety-five feet in depth. The evidence is that to sink such a shaft in tract B would cost one hundred twenty-five dollars a foot. The ways of necessity which it seeks are two tunnels (eight feet in height and ten feet in width) through tract C, connecting tract B with the shaft on tract A. One tunnel would go almost straight through tract C, the distance being seventy-five feet, and the other would go through tract C diagonally, the distance being one hundred sixty-six feet.

The allegation relative to necessity is that if the relator is unable to secure these rights of way for its tunnels

through tract C, it will "suffer irreparable damage" in that it will be unable to "properly explore" tract B "at depth, and to remove or extract any ore found therein by using its present level and shaft situated" on tract A. The alternative would be to sink a shaft on tract B, which is practicable but expensive.

The relator is concededly proceeding under RCW 8.24.010, providing for the condemnation of a private way of necessity. There is here no question of public use or necessity. Neither the constitution nor the law looks kindly upon the taking of one person's property for the personal use of another; indeed, the constitution prohibits it in express terms: "Private property shall not be taken for private use," and then states an exception, "except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes." Article 1, § 16, ninth amendment to the constitution of the state of Washington.

The legislature in RCW 8.24.010 (Laws of 1913, chapter 133, § 1, p. 412), after authorizing the condemnation of private ways of necessity in substantially the language of the constitutional exception, says,

". . . The term 'private way of necessity,' as used in this chapter, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads, flumes, canals, ditches, *tunnels,* tramways and other structures upon, over and *through* which timber, stone, *minerals* or other valuable materials and products may be transported and carried." (We have italicized the words on which relator places special reliance.)

This language does not authorize the condemnation of underground rights of way for tunnels to connect mining properties. The clear meaning of the statute is to authorize, on rights of way acquired for a means of ingress and egress, the construction of roads, logging roads, flumes, canals, ditches, tunnels, tramways and other structures upon, over and through which timber, stone, minerals or

other valuable materials and products may be transported and carried.

The tunnels are not something apart from being a way of necessity for ingress and egress, but must be constructed on such a way. As heretofore pointed out, neither tract A nor B is landlocked; each has adequate means of ingress, egress, and connection by existing roads on the surface.

■ Legislative acts may implement, but they cannot expand the exception to the constitutional prohibition against the taking of private property for a private use. If the statute could be used for the purpose claimed by the relator, it would be contrary to any concept of a private way of necessity within the purview of the constitution.

Even under the most liberal views of what constitutes a private way of necessity, we find nothing established here except that it would be more convenient and more economical for relator if it might tunnel through the defendants' property to connect its holdings.

We affirm the trial court in refusing to find that a private way of necessity was involved, and in dismissing the relator's condemnation action.